The opinion of the court was delivered by
Manning, C. J.
The defendant is indicted for a violation of the statute ■which reads — “ if any person with malice aforethought, shall cut or bite off an ear * * * * of any person with intention in so doing to maim, disable, or disfigure him, he shall on conviction,” etc. Revised Stats, 1870, sec. 795.
No portion of the ear was severed from the head of the person assaulted. The lobe was split by the bite, and the split was sewed up by a surgeon. McGowan, the person injured, neglected his wound, and inflammation and ulceration ensued, whereby there was a loss of the tissue of the ear.
The defendant’s counsel asked the court to charge the jury,
1. That to constitute the crime charged, it is essential that the ear, ■or some portion thereof, should be actually severed from the head,
2. That to constitute a disfiguring under the statute, it is necessary that the nature of the wound be such as to attract observation and to render the person less comely.
The court refused to charge as requested, but instructed the jury as follows:
1. That the essence of the crime was malice, and the intent to maim, disable, or disfigure.
2. That if the jury believe there was not an actual severance of any portion of the ear from the head, but that the biting was such as to inflict a wound, the nature of and effect of which was to disfigure, or attract observation, and to render the person less comely, then under the statute the offence was complete.
The first part of the charge was correct, the second was error. 'The offence charged is the cutting or biting off an ear with intent to ■maim, disfigure, or disable, and not the infliction upon the ear of a wound, the nature or effect of which was to disfigure. It is not a sound construction to say, that it was only necessary there should have been *1330 a biting with intent to disfigure, since the statute requires a biting off, which must be of the whole or a part of the ear. The offence as defined by the statute, is not the disfiguring of any person by reason of biting-his ear, but the biting off his ear with intent to disfigure.
Tire prisoner was entitled to the charge requested by his counsel. It has been held elsewhere under a similar statute that it was not necessary that the whole of the ear should be taken off, it being sufficient if a part was severed, provided such part was not merely the outside skin, and was so large as to make it perceptible to any one that a part of the ear was gone. State vs. Girkin, 1 Ired 259.
Bishop says, to constitute a biting off the ear, the whole ear need not be taken away. If enough is removed to impair the personal appearance, and render the person less comely, no more is required, but there must be as much as this done. Grim. Law g 1007. Wharton is of same opinion. Rec. Indict, and Pleas, 1 vol. 196.
It is therefore ordered, and decreed that the verdict of .the jury be set aside, and the judgment and sentence of the lower court be avoided and vacated, and the prisoner be discharged from custody under the information.